JAMES DAVIS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 25 September, 1907).

**Evidence, Corroborative—Employer—Jumping from Engine—Self-preservation—Extent of Injury—Damages.**

In an action against defendant railroad company to recover damages for injuries alleged to have been sustained by plaintiff, its fireman on its engine, on account of being compelled, for self-preservation, to jump therefrom immediately preceding a collision with another train on defendant's track, wherein the defendant denied the necessity for plaintiff's jumping and the extent of the injuries alleged, evidence of the speed of the engine and the conditions of the wrecked engine and cars is competent upon the questions of the necessity for plaintiff's jumping and of the extent of the injury, being corroborative of the plaintiff's evidence thereon.

CIVIL ACTION to recover damages for personal injury, tried before *Lyon, J.,* at March Term, 1907, of the Superior Court of HALIFAX County.

From the judgment rendered defendant appealed.

*Daniel, Travis & Kitchin* for plaintiff.
*Day, Bell & Dunn* and *Murray Allen* for defendant.

BROWN, J.    The defendant admitted the negligence and
its liability for damages, and excepted to the introduction of
certain evidence admitted by the Court upon that issue.

It appears that the plaintiff was a fireman on defendant's
engine, and sustained personal injuries, claimed to be of a
severe character, in being compelled to jump from his engine
immediately preceding a collision with another train on de-
fendant's track.    The Court permitted plaintiff to prove the
speed at which the engine was running when the plaintiff
jumped, to which defendant excepted.    We can see no error
in this, as it tends to prove that the plaintiff was compelled to
jump under circumstances calculated to cause injury.    It
tended to corroborate the testimony of the plaintiff that he
had in reality suffered an injury and was not feigning one.
The defendant offered evidence of two physicians to the effect
that they had examined the plaintiff, and that, in their
opinion, he had sustained no substantial injury and was
feigning.    The exact question was decided in New York by
the City Court of Brooklyn, before *Clement, C. J.,* and
*Osborne, J.,* in 1891.    *Gillespie v. Railroad,* 16 N. Y. Supp.,
850.    The Court says: "We think that the plaintiff had the
right to prove the speed of the car.    Such proof would have
a tendency to show the violence of the fall of the plaintiff."
His Honor permitted evidence to be given over defendant's
objection as to the effect of and circumstances attending the
collision.    It is contended by defendant's counsel that, as this
happened after plaintiff jumped and after his alleged injury
was sustained, the evidence should have been rejected as im-
material and as calculated to unduly excite and prejudice the
jury against the defendant.    It is unnecessary for us to
attempt to lay down here any rule governing trial judges as
to how far it is proper to go into the circumstances attending
an injury, when the issue of damage is solely before the
court.    We agree with the learned counsel for the defendant
that it would be highly improper to admit immaterial and

DAVIS *v.* RAILROAD CO.

unnecessary evidence, which can throw no possible light upon the issue before the jury, and which is calculated only to prejudice and inflame their minds.

We find no evidence in the record, and none has been pointed out to us in brief or argument, calculated to prejudice a jury or to make them swerve from the path of impartial duty. No one was killed, maimed or hurt, so far as we can discover, except the plaintiff. The objectionable evidence offered related solely to the condition of the engine from which plaintiff had jumped after the collision had taken place, and also tended to prove that seventeen cars were derailed and that one box car was on top of the engine as it lay in the ditch. The collision occurred because the plaintiff's engine ran into and telescoped a freight train which was preceding it on the track. The conditions given in evidence were such as any one would be likely to suppose would naturally result from such a collision, and had no tendency to unduly inflame the jury or divert their minds from the only issue they were called upon to decide. In this particular case the badly wrecked engine tended to prove that it was running at a rapid speed, and, as we have said before, that tended to corroborate the plaintiff as to the *bona fides* of his injury by proving that he was compelled, in order to save his life, to jump, under circumstances calculated to produce great bodily harm. As the exceptions to the charge are not presented in the brief, and were not pressed on the argument, we will not discuss them, except to say that they cannot be sustained.

No Error.