DARLENE STRICKLAND BROWN v. ALLSTATE INSURANCE COMPANY

No. 8521DC87

(Filed 17 September 1985)

Damages § 13.1— extent of injuries—damages to vehicle—exclusion of repair bill

In an action to recover the costs of chiropractic services rendered to plaintiff and her two minor children as a result of injuries sustained in an automobile collision, testimony by plaintiff of the extent and type of damage to her automobile was relevant as tending to prove the force of the impact and, therefore, the nature and extent of the injuries sustained by plaintiff and her children. Although a bill itemizing the costs of repairing plaintiff's automobile might have been corroborative of plaintiff's testimony, the trial court had the discretion under G.S. 8C-1, Rule 403 to exclude the repair bill as needlessly cumulative and potentially confusing or misleading to the jury.

APPEAL by plaintiff from *Keiger, Judge.* Judgment entered 4 September 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 29 August 1985.

Plaintiff seeks to recover the cost of chiropractic services rendered to her and her two minor children as a result of injuries sustained in an automobile collision. At the time of the collision defendant insured plaintiff and was obligated to pay plaintiff's medical expenses under the medical payments provision of its policy.

The parties stipulated that defendant paid all payable expenses except the chiropractic expenses. The issue submitted and the jury's answer were as follows:

What amount, if any, are the reasonable expenses incurred by the plaintiff and/or her two children for necessary chiropractic services because of bodily injuries caused by the automobile accident . . . .

ANSWER: $0

Plaintiff appeals from a judgment entered on the verdict.

*Randolph and Tamer, by Clyde C. Randolph, Jr., and David F. Tamer, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Richard T. Rice, for defendant appellee.*

WHICHARD, Judge.

Plaintiff's sole contention is that the court erred in refusing to admit a bill itemizing the cost of repairing her automobile. She argues that the bill was "an important link in the chain of evidence tending to prove the considerable degree of severity in the force of impact." More specifically, she argues that evidence of the force of the impact was relevant and material to the issue of whether the chiropractic services were necessary. We find no prejudicial error.

To be admissible, evidence must be relevant, *i.e.*, it must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. 8C-1, Rule 401. Relevant evidence may be excluded, however, if its probative value is outweighed by the danger that it will confuse or mislead the jury or by considerations of needless presentation of cumulative evidence. N.C. Gen. Stat. 8C-1, Rule 403; *see Noel Shows, Inc. v. United States*, 721 F. 2d 327, 329 (11th Cir. 1983); *Government of Virgin Islands v. Torres*, 476 F. 2d 486, 491 (3d Cir. 1973); *Wachovia Bank v. Rubish*, 306 N.C. 417, 434, 293 S.E. 2d 749, 760, *reh. denied*, 306 N.C. 753, 302 S.E. 2d 884 (1982) (pre-Rules case).

Here plaintiff testified to the extent and type of damage to her automobile as a result of the collision. This evidence was relevant as tending to prove the force of the impact and therefore, potentially, the nature and extent of the injuries sustained by plaintiff and her children. *See Davis v. Atlantic Coast Line Railroad Co.*, 145 N.C. 95, 97, 58 S.E. 798, 799 (1907). Plaintiff then sought to introduce the repair bill to corroborate her testimony. The bill contains nothing more than a list of the automobile's damaged parts and the cost of repairing or replacing them. While

perhaps corroborative of plaintiff's testimony, this evidence is cumulative and its probative value is weak. Moreover, the potential for confusion of issues by its admission is clear. The sole question was the amount, if any, that plaintiff was entitled to recover for chiropractic services. Admission of the repair bill might well have led the jury to conclude that it could also award damages for the repairs to plaintiff's automobile.

We thus hold that the court, in the exercise of its discretion under Rule 403, could properly exclude the proffered evidence as needlessly cumulative and potentially confusing or misleading. Assuming error, *arguendo*, we hold it nonprejudicial. "To have [the] judgment set aside, [plaintiff] must show not only that the court erred, but also that the error was material and prejudicial and that a different result likely would have ensued but for the error." *Nelson v. Patrick*, 73 N.C. App. 1, 13, 326 S.E. 2d 45, 53 (1985), citing *Glenn v. Raleigh*, 248 N.C. 378, 383, 103 S.E. 2d 482, 487 (1958). Plaintiff's testimony sufficiently described the damage to her automobile and adequately demonstrated the force and severity of the impact. We do not believe introduction of the cumulative and potentially confusing evidence of the repair bill would have prompted the jury to reach a different result.

No error.

Judges WELLS and PHILLIPS concur.