STATE OF NORTH CAROLINA v. JOHN THOMAS KNOX

No. 8527SC306

(Filed 17 December 1985)

1. **Criminal Law §§ 50.1, 66— memory variables affecting eyewitness identification—expert evidence inadmissible**

The trial court in a robbery case did not err in excluding testimony by a psychology professor at UNC-C whom defendant offered to provide expert evidence on memory variables affecting eyewitness identification where defendant contended that the victim may have unconsciously transferred his recollection of seeing defendant during the robbery into an inaccurate memory of defendant as one of the perpetrators; defendant sought to support this theory by the expert witness's testimony; the witness admitted that he had never interviewed the victim; and the court properly determined that the testimony was not of sufficient probative value and would serve only to confuse the jury. N.C.G.S. 8C-1, Rules 403 and 702.

2. **Criminal Law § 138.28— sentence—prior conviction as aggravating factor—exclusion of joinable offense**

In a prosecution of defendant for common law robbery and malicious throwing of acid, the trial court, in sentencing defendant, erred in finding "acid thrown after robbery" as a non-statutory aggravating factor, since the robbery and malicious throwing of acid were joinable offenses under N.C.G.S. 15A-926(a), and N.C.G.S. 15A-1340.4(a)(1)(o) provides that prior convictions which may be used as an aggravating factor do not include any crime that is joinable with the crime for which defendant is currently being sentenced.

APPEAL by defendant from *Friday, Judge.* Judgments entered 25 July 1984 in Superior Court, LINCOLN County. Heard in the Court of Appeals 16 October 1985.

Defendant was tried for common law robbery and malicious throwing of acid. The State's evidence tended to show, in pertinent part, that:

Three men entered an antique shop owned and operated by Bill Spake. They had visited the shop a few days earlier and spoken briefly with Spake. At their second encounter all three approached Spake, and one of them offered to sell him some items. Spake was then knocked down, beaten, and robbed of his personal belongings. As the three prepared to leave one of them threw acid in Spake's face.

Defendant testified that two individuals had approached him and offered to pay him to drive them somewhere. They did not tell him where they were going but directed him to Spake's shop. When they arrived the two brought some things into the shop while defendant stayed in the car. A few minutes later defendant entered the shop and witnessed his companions holding Spake on the floor and pouring something on his face. Defendant tried to leave, but his companions followed him and entered his car. All three drove off together.

The jury returned a verdict of guilty on both offenses. From judgments of imprisonment, defendant appeals.

*Attorney General Thornburg, by Special Deputy Attorney General Guy A. Hamlin, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

WHICHARD, Judge.

I.

[1] Defendant contends the court erred in granting the State's motion to suppress the testimony of Dr. Gary Thomas Long, a professor of psychology at the University of North Carolina at Charlotte whom defendant offered to provide expert evidence on memory variables affecting eyewitness identification. Defendant sought through Dr. Long's testimony to challenge the accuracy of

the victim's recollection of defendant as one of the perpetrators of the crimes. He maintains that the victim mistakenly identified him as a perpetrator and that he did not participate in the crimes, though he admits he was present and was seen by the victim during the robbery. His theory, which he sought to support by Dr. Long's testimony, is that the victim may have unconsciously transferred his recollection of seeing defendant during the robbery into an inaccurate memory of defendant as one of the perpetrators.

Dr. Long, testifying on voir dire, admitted that he had never interviewed the victim. His testimony was not victim or case specific; rather, he testified generally about memory variables affecting the accuracy of eyewitness identification. In particular, he stated that some studies indicate that certain psychological variables can hinder ability to receive, store, and recall information accurately.

Defendant contends this testimony should have been admitted under N.C. Gen. Stat. 8C-1, Rule 702 (testimony by experts). The court excluded the testimony on the ground that it was not of sufficient probative value and would serve only to confuse the jury. It stated that the testimony "would be of more value . . . if [the witness] had interviewed [the victim] and had some reason to base his opinion on." Under the specific facts presented, we find no error.

Expert testimony is properly admissible when it "can assist the jury to draw certain inferences from facts because the expert is better qualified." *State v. Bullard,* 312 N.C. 129, 139, 322 S.E. 2d 370, 376 (1984). The test for admissibility is whether the jury can receive "appreciable help" from the expert witness. 7 J. Wigmore, *Evidence* Sec. 1923 at 29 (Chadbourn rev. 1978). Applying this test requires balancing the probative value of the testimony against its potential for prejudice, confusion, or undue delay. *See* N.C. Gen. Stat. 8C-1, Rule 403. Even relevant evidence may be excluded if its probative value is outweighed by the danger that it will confuse or mislead the jury. *Brown v. Allstate Insurance Company,* 76 N.C. App. 671, 673, 334 S.E. 2d 89, 90 (1985) (citing Rule 403). The court "is afforded wide latitude of discretion when making a determination about the admissibility of expert testimony." *Bullard* at 140, 322 S.E. 2d at 376. *See also*

*United States v. MacDonald*, 688 F. 2d 224, 227-28 (4th Cir. 1982), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 726 (1983) ("absent extraordinary circumstances" appellate court will not intervene where trial court appraises probative and prejudicial value of evidence under Rule 403).

Defendant argues that Dr. Long's testimony had substantial probative value in that it provided the only rational explanation for the discrepancy between defendant's testimony and the victim's testimony apart from requiring the jury to find that one or the other was lying. The testimony, however, only remotely addressed this discrepancy. On voir dire Dr. Long testified generally about the phenomenon of "unconscious transference," which he stated occurs when the receipt of new information alters memory of an event so that the person later remembers it differently from his or her original memory. He did not discuss how unconscious transference would apply to the facts of this case or to similar circumstances, however. Specifically, he did not testify as to how the victim might unconsciously have transferred his recollection of seeing defendant during the robbery into an inaccurate memory of defendant as one of the perpetrators, which was defendant's theory of the case. The court thus properly could find that the probative value of the evidence was weak and that it would not be of significant assistance to the jury.

We therefore hold that the court, in the exercise of its discretion under Rule 403, properly could exclude the proffered evidence. Assuming error, *arguendo*, we hold it non-prejudicial. Not every erroneous ruling on the admissibility of evidence will result in a new trial. *State v. Galloway*, 304 N.C. 485, 496, 284 S.E. 2d 509, 516 (1981), *citing* 1 Stansbury's *North Carolina Evidence* Sec. 9. The burden is on appellant to show both error and a reasonable possibility "that had the error in question not been committed, a different result would have been reached at the trial." N.C. Gen. Stat. 15A-1443; *Galloway* at 496, 284 S.E. 2d at 516. The proffered evidence was too remote from the specific facts of this case to challenge the reliability of the victim's recollection any more effectively than cross-examination would have. We thus do not believe its introduction would have prompted a different result.

This decision should not, however, be interpreted to prohibit evidence such as that offered here. Criminal defendants have in-

creasingly presented expert testimony on the reliability of eyewitness identification, and some courts have held its exclusion reversible error. *See State v. Chapple*, 135 Ariz. 281, 660 P. 2d 1208 (1983); *People v. McDonald*, 37 Cal. 3d 351, 690 P. 2d 709 (1984). *See generally* E. Loftus, *Eyewitness Testimony* (1979); W. Sobel, *Eyewitness Identification: Legal and Practical Problems* (Doyle rev. 1985); J. Monahan and L. Walker, *Social Science in Law: Cases and Materials* at 229, 257-73 (1985); Note, *Did Your Eyes Deceive You? Expert Psychological Testimony on the Unreliability of Eyewitness Identification*, 29 Stan. L. Rev. 969 (1977). We hold only that exclusion of such evidence as it was presented here, given the specific facts of this case, was within the court's discretionary power under Rule 403.

## II.

[2] In sentencing for the malicious throwing of acid the court found as a statutory aggravating factor that defendant had prior convictions for criminal offenses punishable by more than sixty days confinement. *See* N.C. Gen. Stat. 15A-1340.4(a)(1)(o). It also found as a non-statutory aggravating factor the following: "acid thrown after robbery." It then imposed the maximum prison term of ten years, N.C. Gen. Stat. 14-30.1 and 14-1.1(8), seven years in excess of the presumptive, N.C. Gen. Stat. 15A-1340.4(f)(6).

Defendant contends that use of the fact that the acid was thrown after the robbery to aggravate his sentence for the malicious throwing of acid is prohibited by N.C. Gen. Stat. 15A-1340.4 (a)(1)(o), which provides that prior convictions which may be used as an aggravating factor "do not include any crime that is joinable, under G.S. Chapter 15A, with the crime or crimes for which the defendant is currently being sentenced." We agree. The robbery and the malicious throwing of acid clearly were joinable offenses under N.C. Gen. Stat. 15A-926(a), which permits joinder of "offenses . . . based on the same act or transaction or on a series of acts or transactions connected together." *See State v. Lattimore*, 310 N.C. 295, 299, 311 S.E. 2d 876, 879 (1984). "To permit the trial judge to find as a non-statutory aggravating factor that the defendant *committed* the joinable offense would virtually eviscerate the purpose and policy of the statutory prohibition." *Id.; see also State v. Westmoreland*, 314 N.C. 442, 448-50, 334 S.E. 2d 223, 227-28 (1985). While the finding here was that the acid was

thrown *after* the robbery rather than that defendant had *committed* the robbery, the clear purpose was to find the acid throwing incident aggravated by the fact that it occurred in conjunction with the robbery. As in *Lattimore* and *Westmoreland,* the aggravating factor was based on joined offenses of which defendant had been contemporaneously convicted. *See Westmoreland* at 449-50, 334 S.E. 2d at 227-28.

We thus hold that N.C. Gen. Stat. 15A-1340.4(a)(1)(o), as interpreted and applied in *Lattimore* and *Westmoreland,* governs, and that use of the fact that the acid throwing occurred after the robbery as an aggravating factor to enhance defendant's sentence in the acid throwing case was improper. That case thus must be remanded for a new sentencing hearing. *State v. Ahearn,* 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983).

In No. 84CRS574 (common law robbery), no error.

In No. 84CRS1607 (malicious throwing of acid), remanded for resentencing.

Judges EAGLES and COZORT concur.