DAVID ERIC WILES AND WIFE, NORMA WILES v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 8623SC1064

(Filed 7 April 1987)

1. Evidence § 48 — fire insurance — origin of house fire — expert testimony admissible

In an action to recover proceeds of a fire insurance policy where defendant alleged that the fire was caused by deliberate acts of plaintiffs, the trial court did not err in allowing a witness to testify as an expert where the witness was a professor with a doctorate in chemical engineering; he had taught thermodynamics and heat transfer, the underlying sciences of fire and its propagation; he had done consulting work for various companies and individuals in forensics in connection with fires and explosions; he had been called upon to do investigations with the purpose of giving an opinion as to the cause and origin of fires; and he had been previously qualified as an expert to testify within these areas in the courts of this State.

Wiles v. N.C. Farm Bureau Ins. Co.

2. Evidence § 18— fire insurance — experimental evidence — admissibility

In an action to recover proceeds of a fire insurance policy where defendant alleged that the fire was caused by deliberate acts of plaintiffs, the admission of evidence of an expert witness's experiment as to burn patterns on steps was in no way prejudicial in light of a strong disclaimer which the witness himself gave for the probative value of the experiment and in light of the large body of other evidence regarding the cause and origin of the fire and the cause of the burn pattern on the steps.

APPEAL by defendant from *DeRamus, Judge*. Judgment entered 15 May 1986, in Superior Court, ASHE County. Heard in the Court of Appeals 11 March 1987.

This is a civil action wherein plaintiffs seek to recover proceeds of a fire insurance policy issued to plaintiffs by defendant, and to recover damages for bad faith for refusal to pay the claim. Plaintiffs' complaint was filed 10 June 1985. Defendant filed an answer alleging that the fire occurred as a result of the deliberate acts of plaintiffs. The case was tried before a jury on 12 May 1986. At the close of plaintiffs' evidence, the court directed a verdict in favor of defendant on the issue of bad faith. The jury returned a verdict for plaintiffs, finding no intentional burning, and the court entered judgment in the amount of $35,894.51 plus interest and costs. From this judgment, defendant appealed.

*John T. Kilby for plaintiffs, appellees.*

*Morris, Golding, Phillips & Cloninger, by John C. Cloninger and Jeff Dunham, for defendant, appellant.*

HEDRICK, Chief Judge.

[1]  Defendant first contends the trial court erred to its prejudice in allowing Dr. Kenneth O. Baity to testify as an expert on the cause and origin of the fire, on the ground that Dr. Baity was not properly qualified as an expert in the field of cause and origin of fires. Defendant argues that Dr. Baity "never testified to attending any schools in the investigation of the cause and origin of fires" and that Dr. Baity "is not a member of any society involving arson investigation."

Whether a witness is qualified to testify as an expert is a question addressed to the discretion of the trial judge, and his finding is conclusive absent abuse of that discretion. *R-Anell Homes v. Alexander & Alexander*, 62 N.C. App. 653, 303 S.E. 2d

573 (1983). The test for admissibility of expert testimony is whether the jury can receive appreciable help from the expert witness. *State v. Knox*, 78 N.C. App. 493, 337 S.E. 2d 154 (1985). It is not necessary that the expert be experienced with the identical subject area in a particular case or that the expert be a specialist, licensed, or even engaged in a specific profession. *State v. Bullard*, 312 N.C. 129, 322 S.E. 2d 370 (1984). It is enough that through study or experience the expert is better qualified than the jury to render an opinion regarding the particular subject. *State v. Howard*, 78 N.C. App. 262, 337 S.E. 2d 598 (1985), *disc. rev. denied* and *appeal dismissed*, 316 N.C. 198, 341 S.E. 2d 581 (1986).

In the present case, Dr. Baity is a professor who has a doctorate in chemical engineering and has taught thermodynamics and heat transfer, the underlying sciences of fire and its propagation. He had since 1946 done consulting work for various companies and individuals in forensics in connection with fires and explosions. He had been called upon to do investigations with the purpose of giving an opinion as to the cause and origin of fires, and had been previously qualified as an expert to testify within these areas in the courts of this State. Under these circumstances, we cannot find that the trial judge erred in allowing Dr. Baity to testify as an expert in this case.

[2]    Defendant next contends the trial court erred to its prejudice in allowing Dr. Baity to testify about an experiment, and by allowing plaintiffs to introduce into evidence a photograph depicting the results of this experiment. Earlier, defendant's expert had testified that in his opinion the fire was intentionally set on the basement stairs, after a liquid accelerant such as kerosene had been poured on them. The expert based his opinion on the burn pattern on the stairs, among other things. Dr. Baity, plaintiffs' expert, testified that in his opinion the burn pattern on the stairs did *not* indicate that an accelerant had been poured onto the steps, but that burning material had fallen onto the steps from above. In the course of Dr. Baity's testimony, the court allowed plaintiffs to introduce evidence, over defendant's objection, of an experiment which Dr. Baity had conducted. To conduct the experiment, Dr. Baity had built a small set of stairs to resemble those in plaintiffs' home. He then poured a mixture of kerosene and gasoline onto the stairs and ignited it. The burn pattern the

fire produced was much different from that found on plaintiffs' basement stairs. Dr. Baity took a photograph of the result, and this photograph was also introduced into evidence.

Defendant argues that the evidence of the experiment was inadmissible because the circumstances of the experiment were possibly very different from those of the actual fire, in that there were many variables that were not held constant such as amount and direction of draft, amount and type of accelerant used, and method of applying it.

Admission of evidence of an experiment is error unless the circumstances of the experiment are substantially similar to the circumstances of the occurrence before the court. *State v. Jones*, 287 N.C. 84, 214 S.E. 2d 24 (1975). However, we need not reach the question of whether the admission of the experiment in the present case was error; in order for a judgment to be overturned because of error, the error must be prejudicial, that is, but for the error it was likely that a different result would have been reached. In the present case any error in the admission of the experiment was clearly not prejudicial, for several reasons.

The two experts gave a total of 185 transcript pages of testimony. Each gave a detailed scenario of how and where the fire began and how it spread. Each gave reasoned arguments as to what caused the burn pattern on the steps. Extensive testimony was presented on wind direction, and other aspects of the fire. Forty-four photographs of the results of the fire, some greatly enlarged, were presented as exhibits. Evidence of the experiment was relatively brief, and only one small photograph of the results was offered into evidence.

More importantly, however, Dr. Baity fully acknowledged the limitations of the experiment, and downplayed its importance: "So the steps which I built, . . . the purpose was not to duplicate but to confirm my own belief based . . . on the science that I knew of how fluids would go down from such steps. . . . As a scientist, I am confident on such an experiment that nobody could . . . effectively duplicate conditions because we cannot know that any accelerant was slung down these stairs. We don't know if it was, how it was done. We don't know how it was scattered and so forth. . . . So it's not intended for anything except to see whether

fluid going down the steps would flow such a track and if it did, would it burn in the crack."

In light of this strong disclaimer Dr. Baity himself gave for the probative value of the experiment, coupled with the large body of other evidence regarding the cause and origin of the fire, and the cause of the burn pattern on the steps, we cannot find that the admission of the evidence of Dr. Baity's experiment was in any way prejudicial.

We hold the trial in the superior court to be free of prejudicial error.

No error.

Judges WELLS and BECTON concur.