RICHARDSON v. PATTERSON

[116 N.C. App. 661 (1994)]

---

JAMES A. RICHARDSON, Plaintiff v. SPENCER TODD PATTERSON, Defendant

No. 937SC1187

(Filed 18 October 1994)

**Evidence and Witnesses § 2278 (NCI4th)— two accidents— cause of injury—speculative and cumulative evidence properly excluded**

In an action to recover for injuries sustained in an automobile accident where the issue at trial was whether this accident or a second accident was the proximate cause of plaintiff's injuries, the trial court did not err in refusing to allow two doctors to offer their opinions regarding the relationship of plaintiff's injuries to the first collision, since in one instance the question called for mere speculation on the part of the doctor and in the other the proffered testimony was cumulative.

**Am Jur 2d, Expert and Opinion Evidence § 243.**

**Admissibility of opinion evidence as to cause of death, disease, or injury. 66 ALR2d 1082.**

RICHARDSON v. PATTERSON

[116 N.C. App. 661 (1994)]

Appeal by plaintiff from judgments entered 15 July 1993 and 18 October 1993 in Wilson County Superior Court by Judge J. Richard Parker. Heard in the Court of Appeals 1 September 1994.

*Farris & Farris, P.A., by Thomas J. Farris and Robert A. Farris, Jr., for plaintiff-appellant.*

*Battle, Winslow, Scott & Wiley, P.A., by Sam S. Woodley, Patterson, Dilthey, Clay & Bryson, by Reid Russell, and Maupin, Taylor, Ellis & Adams, P.A., by Elizabeth D. Scott, for defendant-appellee.*

PER CURIAM

James A. Richardson (plaintiff) appeals from judgments of the trial court awarding him $30,000 (pursuant to a jury verdict) and taxing him with a portion of the court costs.

The evidence reveals that plaintiff had a series of three back surgeries between 8 December 1988 and 10 August 1989. During this same period of time plaintiff was involved in two automobile collisions, the first of which is the subject of this law suit. Prior to the trial the parties stipulated to defendant's negligence. The issue at trial was whether the first or the second collision was the proximate cause of plaintiff's injuries.

The plaintiff argues that the trial court committed prejudicial error in refusing to allow two medical doctors to offer their opinion regarding the relationship of plaintiff's injuries to the first collision. We disagree. In one instance the question called for mere speculation on the part of the doctor, *Cherry v. Harrell*, 84 N.C. App. 598, 604, 353 S.E.2d 433, 437, *disc. rev. denied*, 320 N.C. 167, 358 S.E.2d 49 (1987), and in the other instance the proffered testimony was cumulative. N.C.G.S. § 8C-1, Rule 403; *Lowery v. Love*, 93 N.C. App. 568, 572, 378 S.E.2d 815, 817 (1989). We have reviewed the other assignments of error asserted by the plaintiff and determine they must be dismissed because they either do not comply with the rules of this Court, *Kimmel v. Brett*, 92 N.C. App. 331, 334, 374 S.E.2d 435, 436-37 (1988) (assignments of error must state a basis upon which error is assigned); *Byrne v. Bordeaux*, 85 N.C. App. 262, 265, 354 S.E.2d 277, 279 (1987) (appellant must cite legal authority upon which his argument is based); N.C.R. App. P. 10(c)(2) (appellant must include his requested and denied jury instruction in the record on appeal), or on their merits do not require reversal.

No Error.

Panel consisting of: Judges JOHNSON, GREENE, LEWIS