STATE OF NORTH CAROLINA v. HIRAM WATSON SHANNON

No. 9429SC211

(Filed 7 February 1995)

**Evidence and Witnesses § 2893 (NCI4th)— defendant's written statements to counselor—waiver of use by State—cross-examination as harmless error**

In a prosecution of defendant for rape, sexual offenses and indecent liberties involving his stepdaughter, the State waived its right to cross-examine defendant about written statements he made to a counselor during sex therapy following a previous conviction for taking indecent liberties with his daughter when the State agreed at a pretrial suppression hearing that it would not use the statements unless it raised the issue at trial before defendant took the stand and it failed to raise the issue before defendant testified. However, error by the trial court in permitting the State to cross-examine defendant about the statements was not prejudicial in light of the other overwhelming evidence of defendant's guilt.

**Am Jur 2d, Witnesses §§ 484 et seq.**

Appeal by defendant from judgment entered 6 October 1993 by Judge Claude S. Sitton in Henderson County Superior Court. Heard in the Court of Appeals 26 October 1994.

*Attorney General Michael F. Easley, by Associate Attorney General Daniel D. Addison and Investigative Law Clerk Paula A. Bridges, for the State.*

*Stepp & Groce, by Christopher S. Stepp, for defendant-appellant.*

WYNN, Judge.

The State charged defendant with sexually abusing his stepdaughter who was eighteen years old at the time of the trial. He was indicted for one count of first degree rape, three counts of first degree sexual offense, and four counts of taking indecent liberties with a child.

The evidence at trial tended to show the following. The stepdaughter testified that defendant repeatedly sexually abused her

STATE v. SHANNON

[117 N.C. App. 718 (1995)]

since she was eight years old. She stated that he regularly fondled her genitalia and made her engage in fellatio. The stepdaughter also testified that she noticed a mole on defendant's penis and a physician, Dr. James Irion, testified and confirmed that there was a mole on defendant's penis.

Defendant's daughter, who was thirteen years old at the time of the trial, testified that he engaged in oral sex with her since she was eight or nine years old. Both girls stated that defendant threatened them that if their mother would not love them anymore and they would become orphans.

Defendant testified and categorically denied ever sexually abusing his stepdaughter or daughter. He admitted to pleading guilty in 1990 to committing indecent liberties with his daughter, but testified that he did so because he did not want her to have to testify in court.

Defendant was convicted of second degree rape, three counts of first degree sexual offense, and four counts of taking indecent liberties with a child. The trial court sentenced him to an active term of imprisonment. From this judgment and sentence, he appeals.

---

Defendant argues that the trial court erred by permitting the State to cross-examine him with written statements that the State had waived the right to use. He contends that at the pre-trial hearing the State expressly waived the right to use written statements he had made in the course of sex offender therapy that he received after his 1990 conviction for taking indecent liberties with his daughter. We agree but conclude that this error was harmless.

Defendant made a pretrial motion to suppress the introduction of written statements he made to his counselor in the course of therapy which was part of his sentence for the 1990 indecent liberties conviction. Defendant argued in the motion that the statements were privileged communications given in the course of medical treatment. When the motion was heard before the trial court, there was the following exchange:

MR. STEPP: [defendant's attorney] Your Honor, should he [defendant] elect to take the stand and testify, number one, I argue to you that it [the statements] would be privileged information.

THE COURT: Well, you want to hear it then, as I understand it, so he can determine whether he wants to take the stand; is that what you're saying or getting ready to?

MR. STEPP: Yes, Your Honor.

THE COURT: Mr. D.A. isn't there a case that says the Court should make some ruling in regard to that, so it doesn't chill his rights to testify or not testify, so he knows whether or not it's going to be used or not used?

MR. EDWARDS: Your Honor, I believe that is correct. At this point, as I say, I don't intend to use it. And at the appropriate time I believe a hearing—he'd be entitled to one.

As I see it right now, I don't believe it's even going to become part of the case.

THE COURT: Well, if you desire to proceed that way, I'll proceed that way. But it may mean that the Court's saying in effect, if you go that way and he does testify the Court's not going to allow it unless I make some preliminary decision, so that he knows then that if he gets on the stand it's going to be used against him.

So my comment to you do you desire to hear it, Mr. District Attorney, or do you desire to waive your right to that Motion to Suppress understanding that you will not use it under any circumstances?

MR. EDWARDS: I would waive my right to use this statement and let the trial proceed as follows. I don't think it's worth the paper written on anyway.

THE COURT: All right, then with that statement that you do not intend to use it under any circumstances, the Court will not proceed, just say it's a moot question at this time.

At trial, defendant testified and specifically denied molesting his stepdaughter. Defendant also stated that he had pled guilty to committing indecent liberties with his daughter because "[he] did not want her to be interrogated." The State then sought to cross-examine defendant with the written statements that were the subject of his motion to suppress. Among other things, defendant had written that being touched and rubbed by his daughter gave him a feeling of control. After a *voir dire*, the trial court denied defendant's motion to suppress and permitted the State to cross-examine him regarding the written statements.

Defendant contends that he was prejudiced by the trial court's failure to rule on his motion to suppress the statements at the pretrial

**STATE v. SHANNON**

[117 N.C. App. 718 (1995)]

hearing. Defendant also argues that the trial court erred by permitting the State to cross-examine defendant about the statements. We conclude that the exchange between the trial court, the State, and defendant's attorney shows that the State agreed that if it intended to use the written statements in its cross-examination of defendant, it would raise the issue during trial and *prior* to defendant taking the witness stand. Otherwise, the State would not use the contested statements. The State did not raise the issue prior to defendant taking the stand and therefore waived its right to use the defendant's written statements in its cross-examination. We find that the trial court erred by overruling defendant's objection and allowing the State to cross-examine defendant about the statements.

We hold, however, that this error was harmless. *See State v. McCarroll*, 336 N.C. 559, 445 S.E.2d 18 (1994); *State v. Milby*, 302 N.C. 137, 273 S.E.2d 716 (1981); N.C. Gen. Stat. § 15A-1443 (1988). The burden is upon defendant to show that there is a reasonable probability that had the error in question not been committed, a different result would have been reached at trial. *State v. Knox*, 78 N.C. App. 493, 337 S.E.2d 154 (1985). The evidence of defendant's guilt was overwhelming. His stepdaughter and daughter both testified that he repeatedly sexually abused them by fondling their genitalia and forcing them to engage in oral sex with him. The girls' mother testified that in 1982 she saw defendant in the nude "going back and forth on top of" his stepdaughter. The girls' testimony that defendant had a mole on his penis was corroborated by a physician who examined defendant. We conclude, therefore, that defendant has not meet his burden of showing that even if the State had not cross-examined him regarding his written statements, a reasonable probability exists that there would have been a different result at trial.

No error.

Judges GREENE and JOHN concur.