STATE OF NORTH CAROLINA v. FREDERICK EARL CANNADY
AND WILLIE BURNICE HINNANT

No. 747SC216

(Filed 5 June 1974)

1. **Criminal Law § 92— consolidation of charges against two defendants**
    The trial court did not err in consolidating for trial charges against two defendants for malicious damage to real and personal property by use of an explosive.

2. **Criminal Law § 75— voluntariness of confessions — hope of lower bond — belief accomplice had implicated defendants**
    Defendants' confessions were not rendered involuntary by the fact they may have been made with the hope that lower bond would be set or in the belief that another participant in the crime had implicated them.

APPEAL by defendants from *Lanier, Judge,* 13 August 1973 Session of Superior Court held in NASH County.

For disposition of these cases on a prior appeal, *see State v. Cannady* and *State v. Hinnant,* 18 N.C. App. 213, 196 S.E. 2d 617. Defendants were separately indicted for maliciously and feloniously damaging the real and personal property of another by the use of an explosive. The cases were consolidated for trial.

The State's evidence tended to show that defendant Cannady was displeased with treatment he received during the course of his dealings at Stanhope Grocery and Hardware Company. Defendant Cannady asked defendant Hinnant to procure some dynamite. In the early morning of 31 March 1972, the defendants and one Bertis (Blue Boy) Evans drove to the vicinity of the Stanhope Grocery in a vehicle operated by "Blue Boy." The three wrapped a stick and a half of dynamite with string and positioned a fuse and blasting cap. Defendant Hinnant supplied the components for the bomb. Defendant Cannady lit the fuse, and defendant Hinnant rolled it up to the door of the store. Defendants ran back to the car, and "Blue Boy" drove off. Shortly thereafter, the group heard an explosion.

Testifying in their own behalf, both defendants Hinnant and Cannady denied participating in the bombing and claimed they were at their respective homes on the night of the incident.

The jury found both defendants guilty as charged. Defendant Cannady was sentenced to a term of 15-18 years, and defendant Hinnant was sentenced to 12-15 years.

Both defendants appealed.

*Attorney General Robert Morgan by Norman L. Sloan, Associate Attorney, for the State.*

*Moore, Diedrick & Whitaker by T. G. Diedrick and Turnage and Horton by Frederick E. Turnage, attorneys for defendant appellants.*

VAUGHN, Judge.

[1] Defendants contend that the court erred in consolidating the cases for trial. As defendants concede, the decision to consolidate rests in the discretion of the trial court, *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492, and will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Fox, supra; State v. Yoes* and *Hale v. State,* 271 N.C. 616, 157 S.E. 2d 386; *State v. McCall* and *State v. Sanders* and *State v. Hill,* 12 N.C. App. 85, 182 S.E. 2d 617, *cert. den.,* 279 N.C. 513. No abuse of discretion has been shown.

[2] Defendants argued that their respective confessions were improperly admitted into evidence. After an extensive *voir dire* examination, the court concluded that none of the defendants' constitutional rights had been violated in connection with the statements. The court's findings are based on competent evidence, including, among other things, written waivers signed by the defendants. The issue on *voir dire* is whether the incriminating statements were voluntarily made. *State v. Haskins,* 278 N.C. 52, 178 S.E. 2d 610; *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1. That defendants may have made their statements with the hope that lower bond would be set or in the belief that another participant in the crime implicated them does not render their statements involuntary.

We have carefully considered defendants' other assignments and find no prejudicial error.

No error.

Judges CAMPBELL and MORRIS concur.