STATE OF NORTH CAROLINA v. DALE SMITH

No. 7529SC201

(Filed 18 June 1975)

1. **Criminal Law § 75— statement by defendant.— voluntariness**

    Where there was evidence on *voir dire* that prior to any questioning the defendant had been given the traditional *Miranda* warnings and had told the investigating officer that he understood each of his rights and did not want a lawyer, there was no error in the finding of the trial court that defendant had freely and understandingly waived his Fifth Amendment rights and that any statement made thereafter was admissible.

2. **Homicide § 26— intentional shooting with deadly weapon — killing of wife's paramour by husband — second degree murder instruction proper**

    Where the evidence tended to show that defendant found his wife and her paramour in bed together in the nude, both were asleep, defendant awakened his wife and told her he was going to call the police and to get the paramour out of the house, and defendant thereafter started crying and carrying on and shot the paramour with his own gun, the trial court properly instructed on the presumptions arising from an intentional killing with a deadly weapon that the killing was unlawful and was done with malice, thereby constituting second degree murder, unless the defendant proved to the satisfaction of the jury the facts which would mitigate it to manslaughter.

3. **Criminal Law § 172— second degree murder — failure to instruct on heat of passion — error cured by verdict of guilty of voluntary manslaughter**

    Any error there may have been in submitting a second degree murder case to the jury without instructions on the killing in the heat of passion upon discovery by defendant of his wife and deceased in bed immediately subsequent to an adulterous act was rendered harmless by a verdict of guilty of voluntary manslaughter.

APPEAL by defendant from *Winner, Judge.* Judgment entered 11 October 1974 in Superior Court, HENDERSON County. Heard in the Court of Appeals 8 May 1975.

Defendant was charged with murder in the first degree of Sergis Gonzalez, but the State elected to seek only a conviction of murder in the second degree, or manslaughter. The defendant pled not guilty.

The evidence in the case tended to show that the defendant, after having completed his work on the night shift at the General Electric plant in Hendersonville, went home and discovered his wife and Sergis Gonzalez asleep in bed together in the nude. Gonzalez and the defendant's wife had been having an affair for approximately a week and a half and had engaged in sexual intercourse some six to eight times during that period unbeknownst to the defendant. As both were asleep, the defendant woke his wife and told her he was going to call the police and to get Gonzalez out of the house. The defendant thereafter started crying and carrying on and shot the deceased with the deceased's own gun which the deceased had carried to the house and placed on the night stand beside the bed.

The case was submitted to the jury on murder in the second degree and voluntary manslaughter. Upon a verdict of guilty of voluntary manslaughter, the trial judge in his discretion sentenced the defendant to be imprisoned for a term of not less than eight nor more than ten years. The defendant appealed.

*Attorney General Edmisten, by Associate Attorney G. Jona Poe, Jr., for the State.*

*Edwin R. Groce for the defendant.*

CLARK, Judge.

[1] The appellant contends that the trial court erred in admitting the statement made by the defendant to a police officer in which he confessed that he shot Gonzalez, since the defendant had not knowingly and understandingly waived his constitutional rights against self-incrimination. There was evidence on voir dire that prior to any questioning the defendant had been given the traditional *Miranda* warnings and had told the investigating officer that he understood each of his rights and did not want a lawyer. We find no error in the finding of the trial court that the defendant had freely and understandingly waived his

State v. Smith

Fifth Amendment rights and that any statement made thereafter was admissible. In any event, the defendant was not prejudiced thereby since his wife, called by the defendant as his witness, brought out all the circumstances surrounding the killing and the fact that the defendant had fired the fatal shot.

[2] The defendant further contends that since the evidence clearly indicated that the defendant's wife and the deceased were discovered by him when an act of intercourse had just been completed, it was error for the trial court to charge on second-degree murder and place the burden on the defendant of reducing the crime to manslaughter; he contends that the trial court should charge only that if the jury should find such circumstances, the defendant would be guilty of manslaughter. We do not agree.

The defendant relies on *dictum* in *State v. Ward,* 286 N.C. 304, 312-13, 210 S.E. 2d 407, 413-14 (1974), as follows:

"When one spouse kills the other in a heat of passion engendered by the discovery of the deceased and a paramour in the very act of intercourse, or under circumstances clearly indicating that the act had just been completed, or was 'severely proximate,' and the killing follows immediately, it is manslaughter. However, a mere suspicion, belief, or knowledge of past adultery between the two will not change the character of the homicide from murder to manslaughter."

The foregoing language does not sustain the defendant's contention. Since all of the evidence tends to show an intentional killing with a deadly weapon, the court properly instructed on the presumptions therefrom that the killing was unlawful and was done with malice, thereby constituting second-degree murder, unless the defendant proved to the satisfaction of the jury the facts which would mitigate it to manslaughter. 4 Strong, N. C. Index 2d, Homicide, § 24 (1968). The burden was on the defendant to satisfy the jury that the killing was due to passion aroused by the provocation and not to revenge or malice. See 40 C.J.S., Homicide, § 49 (1944).

In this State, the trial judge has the burdensome task under G.S. 1-180 of declaring and explaining the law arising on the evidence. In a homicide case where the evidence tends to show that the killing followed the discovery by the defendant of his wife and the deceased in the very act of intercourse, or

under circumstances clearly indicating that the act had just been completed, or was "severely proximate," then it would be appropriate for the trial judge to instruct that if they are satisfied as to the foregoing facts and that the defendant killed the deceased in a heat of passion engendered by such discovery, then the killing would be mitigated from murder to manslaughter.

[3] In the case at bar, the jury returned a verdict of guilty of voluntary manslaughter. That verdict rendered harmless any error there may have been in so submitting the case to the jury on "Pattern Jury Instructions" without instructions on the killing in the heat of passion upon discovery of the adulterous act. See generally *State v. Sallie*, 13 N.C. App. 499, 186 S.E. 2d 667, *cert. denied*, 281 N.C. 316, 188 S.E. 2d 900 (1972).

In the trial below we find

No error.

Judges MARTIN and ARNOLD concur.