STATE OF NORTH CAROLINA v. ROY EDWARD YOUNG

No. 772SC180

(Filed 20 July 1977)

1. **Criminal Law § 75.2— promise to inform solicitor of cooperation — effect on confession**

    An officer's statement to defendant that he would tell the solicitor if defendant cooperated did not render defendant's subsequent confession involuntary, since the statement in no way intimated that defendant could expect easier or preferred treatment in exchange for his confession.

2. **Criminal Law § 75.11— waiver of right to counsel**

    Defendant affirmatively waived his right to counsel at his incustody interrogation where defendant, after being advised of his rights, told the interrogating officer that a named lawyer had represented him in the past and asked the officer whether he needed a

lawyer; the officer told defendant that he could not tell him what to do; and defendant then stated that he would talk to the officer without a lawyer.

APPEAL by State from *Peel, Judge.* Order entered 28 December 1976 in Superior Court, MARTIN County. Heard in the Court of Appeals 28 June 1977.

Defendant was indicted for possession of marijuana with intent to sell.

Prior to trial the defendant moved to suppress evidence of a confession made after his arrest. At the hearing, Louis Young of the State Bureau of Investigation, who had questioned the defendant in the Martin County Jail after his arrest, testified for the State. He testified that after the defendant had been informed of his rights, defendant stated that a Mr. LeRoy Scott had represented him in the past, and asked Agent Young whether he needed a lawyer. Agent Young told defendant that he could not tell him what to do. Defendant then stated, "I'll go ahead and talk to you without a lawyer." Agent Young also testified that, "I may have told him (the defendant) that I would tell the Solicitor if he cooperated. I didn't tell him it would be easier or that anything would have happened for him." After making inculpatory statements, defendant stated he did not want to talk anymore, at which time the questioning stopped.

Defendant presented no evidence at the hearing.

Among the court's findings were that:

"4. That Mr. Young asked the defendant if he wanted a lawyer now, and the defendant asked him if he needed a lawyer. That he stated that LeRoy Scott had represented him or that he had been represented by Mr. Scott in the past. That the defendant did not indicate that he wanted Mr. Scott present. That finally after a few minutes the defendant said he would talk to the officers, without a lawyer present.

\*   \*   \*   \*

6. That no threats or coercion of any sort was made to induce the defendant to talk and that no promises of any sort were made to him to talk, except insofar as may appear below.

\* \* \* \*

9. The Court finds as a matter of law, and considering these facts and all of the uncontested evidence to be true, that the defendant did not affirmatively waive his right to have a lawyer present at his questioning by the officers.

10. That after the defendant indicated he would talk, Mr. Young of the State Bureau of Investigation told the defendant that if he said anything he would tell the Solicitor. That he did not tell the defendant that it would be any easier on him.

11. That a man such as the defendant with a prior record and of his age, intellect, and experience, should have realized, and the Court finds as a fact that he did realize that in any event the Solicitor would necessarily know in preparing the case if any statements were made by the defendant to Mr. Young.

12. That even so, in view of the rulings of our Appellate Court, the Court finds, as a matter of law, that such statement made to the defendant by Mr. Young was in the nature of a promise and that it made the confession involuntary as a matter of law."

The court granted the motion to suppress on the grounds that (1) the confession was involuntary, and (2) that the defendant had not affirmatively waived his right to counsel.

From this order the State appeals.

*Attorney General Edmisten by Associate Attorney Joan H. Byers for the State.*

*Stephen A. Graves for defendant appellee.*

CLARK, Judge.

[1] The first question upon appeal is whether any promises were made to induce the confession so as to render it involuntary.

An involuntary confession is not admissible to establish the guilt of the defendant. *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581 (1968). A statement is involuntary when it is induced by some suggestion of hope or fear made by the interrogating officer. *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968).

Defendant contends that this case is controlled by *State v. Fuqua*, 269 N.C. 223, 152 S.E. 2d 68 (1967), where the court held involuntary a confession made subsequent to the officer's statement that if a confession were made he "would be able to *testify* that he (the defendant) talked to me and was cooperative." (Emphasis added.) We think the present case is clearly distinguishable. In *Fuqua* the statement by the officer about his ability to *testify* was said to arouse a hope for lighter punishment. In the present case, as findings 6 and 10 make clear, the only statement relied upon by the judge to support his conclusion that the confession was involuntary was the statement by Agent Young that "if he (the defendant) said anything he (Agent Young) would tell the Solicitor." The judge specifically found that Agent Young "did not tell the defendant that it would be any easier on him." We conclude that this statement by the officer could not have aroused in the defendant any hope of easier treatment. Any suspect should expect that in accordance with normal police procedure, the interrogating officer will make a report of the substance of the suspect's statements, and that this report will be conveyed to the district attorney. The statement made by Agent Young in no way intimated that defendant could expect easier or preferred treatment in exchange for his confession. The absence of such intimation distinguishes this case from *Fuqua* and the line of cases in which it falls, and we must therefore conclude that the judge erred in concluding that the statement was involuntary by reason of the statement made by Agent Young.

[2] The second issue upon appeal is whether defendant affirmatively waived his right to counsel.

*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966) required that prior to custodial interrogation a suspect must be warned of his right to have counsel present, and further placed upon the prosecution a heavy burden to show an affirmative waiver of this right in the event that a statement were made without an attorney present. In *State v. Blackmon*, 280 N.C. 42, 185 S.E. 2d 123 (1971), *Miranda* was interpreted to require that the affirmative waiver must be by an express statement. The recent cases of *State v. Siler*, 292 N.C. 543, 234 S.E. 2d 733 (1977), and *State v. Swift*, 290 N.C. 383, 226 S.E. 2d 652 (1976) have modified this interpretation of *Miranda*. In *Siler* the court stated that,

" . . . Although failure to request an attorney after the *Miranda* warnings have been given does not ordinarily constitute a waiver, we believe a waiver by silence can be inferred where subsequent comments of the defendant indicate that he *intended* his silence as a waiver of his right to an attorney during interrogation." 292 N.C. at 550, 234 S.E. 2d at 738. See also *State v. Rives,* 31 N.C. App. 682, 230 S.E. 2d 583 (1976).

In the present case the judge found as a fact that "the defendant said he would talk to the officers, without a lawyer present." Defendant contends that the judge's conclusion that there had been no affirmative waiver was correct because the statement related only to the presence of *the* lawyer, Mr. LeRoy Scott, of whom defendant had spoken to Agent Young. This interpretation is supported by neither the judge's finding nor the evidence offered by Agent Young. The statement by defendant that he "would talk to the officers without an attorney present" constitutes an affirmative waiver. *State v. White,* 288 N.C. 44, 215 S.E. 2d 557 (1975) (valid waiver where defendant stated he would proceed without an attorney) ; *State v. Smith,* 26 N.C. App. 283, 215 S.E. 2d 830 (1975). Therefore we hold that it was error for the judge, based upon a finding that such statement had been made, to conclude that defendant had not affirmatively waived his right to counsel.

Reversed.

Judges MORRIS and PARKER concur.