STATE OF NORTH CAROLINA v. DENNIS LEE CHURCH

No. 8323SC624

(Filed 15 May 1984)

1. **Criminal Law § 75.2— confession—possibility of lower bond—no improper inducement**

     The trial court properly found and concluded that a statement by an officer regarding defendant's bond did not render defendant's confession involuntary where the promise by the officers to "see" if they could lower defendant's bond was not related to defendant's escape from the charges against him, but

only referred to a purely collateral advantage which was "entirely discon-
nected from the possible punishment or treatment defendant might receive."

**2. Criminal Law § 75.2— voluntariness of confession—officer's promise to talk
with district attorney**

An officer's promise that the district attorney would "be notified" of
defendant's cooperation did not render defendant's confession involuntary
since the defendant could not have reasonably thought that the statement was
a promise for a lighter sentence.

APPEAL by defendant from *Mills, Judge.* Judgment entered
12 November 1982 in Superior Court, WILKES County. Heard in
the Court of Appeals 12 January 1984.

On 12 July 1982, defendant, Dennis Lee Church, was arrested
and charged with six felonies involving alleged violations of The
Controlled Substances Act. While in custody, the defendant made
certain statements concerning his involvement with the charges.
On 9 November 1982, a jury trial was held. At trial, defendant ob-
jected to the introduction of his statement. A *voir dire* was then
conducted for the purpose of ruling on the admissibility of the
statement. At the conclusion of the hearing, the trial judge over-
ruled defendant's objection and allowed the statement into
evidence. At the close of all the evidence, defendant entered a
plea of guilty pursuant to a plea arrangement with the State. As
a part of the plea arrangement, defendant appeals from the
adverse ruling on his motion to suppress.

*Attorney General Edmisten, by Assistant Attorney General
Barry S. McNeill, for the State.*

*Vannoy, Moore and Colvard, by Anthony R. Triplett, for
defendant appellant.*

JOHNSON, Judge.

The issue before this Court is whether the trial court erred
in denying defendant's motion to suppress his confession. We find
no error and, therefore, affirm the judgment.

At the *voir dire* to determine the voluntariness of defend-
ant's confession, the State's evidence tended to show that on 12
July 1982, the defendant, Dennis Lee Church, was arrested at ap-
proximately 8:00 p.m. and charged with six felonies involving
alleged violations of the North Carolina Controlled Substances

Act. Defendant was held in custody at the Wilkes County Sheriff's Department under a $100,000 bond. The defendant was advised of his *Miranda*[1] rights and was asked by Agent John Stubbs, a State Bureau of Investigation Specialist, whether he would be willing to cooperate with the investigation. The defendant asked Officer Stubbs whether he (the defendant) could be kept out of prison if he cooperated. The officer told defendant that the only thing they could promise was that the District Attorney would be made aware of his cooperation. The defendant did not give any statement that night.

The following day, defendant requested to talk with Officer Stubbs; he had decided to cooperate with the officer under the previously discussed terms. Officer Stubbs arrived and the defendant was given his *Miranda* rights. Defendant indicated that he understood his rights and signed a waiver form. Between the hours of 4:00 and 5:00 p.m., defendant made certain inculpatory statements concerning his involvement in the narcotics violation. The evidence also showed that the defendant expressed concern about the amount of the bond and that the officers advised the defendant that they could not assure that the bond would be lowered but that they would see what they could do.

At the conclusion of the *voir dire*, the trial judge, in overruling defendant's motion, made the following findings of fact and conclusions of law: the defendant was in custody at the Wilkes County jail on 12 July and 13 July 1982, having been charged with serious drug law violations; no statement had been taken from the defendant on 12 July; on July 13, Agent Stubbs talked with the defendant after defendant waived his *Miranda* rights; the officer testified that the defendant knowingly, intelligently, freely and voluntarily waived his rights to an attorney. The court found that the officers indicated that the defendant did not appear sleepy, confused or in pain, but that the defendant was alert and responsive and was not under the influence of drugs or alcohol. The court further found that there were no threats made to the defendant to elicit his statement and that the officer did tell the defendant that if he (the defendant) cooperated, the District Attorney would be notified of such cooperation. The officers further told the defendant that they would see if they could

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

get his bond reduced. Finally, the court found that the defendant had offered no evidence which indicated that his statement was not freely and voluntarily given. The court concluded as a matter of law that the statement the defendant gave on the afternoon of 13 July 1982, while in custody, was freely and voluntarily given after a full and complete examination of defendant's understanding of his right to remain silent and his right to the assistance of counsel. Accordingly, the confession was admitted into evidence. At trial, the defendant presented no evidence.

[1] The defendant's principal argument is that the trial judge erred in denying his motion to suppress the inculpatory statements on the grounds that the officers held out a hope of benefit in exchange for his confession—that if he cooperated the District Attorney would be notified of his cooperation and that they would see if they could get the defendant's bond lowered, and that these circumstances rendered the confession involuntary.

It is well established that "a confession cannot be received in evidence where the defendant has been influenced by any threat or promise; . . . a confession obtained by the slightest emotions of hope or fear ought to be rejected." *State v. Roberts*, 12 N.C. (1 Dev.) 259, 260 (1827). *Accord State v. Booker*, 306 N.C. 302, 293 S.E. 2d 78 (1982). "When a defendant properly objects to the admission of the confession or moves to suppress same, the trial judge should conduct a preliminary inquiry to determine whether the confession is voluntary." *Id.* at 308, 293 S.E. 2d at 81. The court determines whether the confession was voluntary, and thus admissible, by looking at the totality of circumstances. *State v. Jackson*, 308 N.C. 549, 304 S.E. 2d 134 (1983). "In making this determination the trial judge must find facts; and when the facts are supported by competent evidence, they are conclusive on the appellate courts. However, the conclusions of law drawn from the findings of fact are reviewable by the appellate courts." *State v. Booker, supra* at 308, 293 S.E. 2d at 81.

In the instant case, the trial court concluded as a matter of law that the defendant's confession was voluntarily given. The defendant contends that the conclusion is erroneous. He contends that this confession was involuntary; that he would not have made the statement if he did not expect a hope or benefit—reduction of his bail and notice to the District Attorney that he had cooperated—in exchange for his confession.

With respect to the bond contention, the law in this state is quite clear. It has been held that "any improper inducement generating hope must promise relief from the criminal charge to which the confession relates, not to any merely collateral advantage." *State v. Pruitt*, 286 N.C. 442, 458, 212 S.E. 2d 92, 102 (1975). *Accord State v. Booker, supra* at 308, 293 S.E. 2d at 81 ("inducement to confess whether it be a promise, a threat or mere advice must relate to the prisoner's *escape* from the criminal charge against him").

In *State v. Cannady*, 22 N.C. App. 53, 54, 205 S.E. 2d 358, *cert. denied*, 285 N.C. 664, 207 S.E. 2d 763 (1974), this Court held that the fact that "defendants might have made their statements with the hope that lower bond would be set . . . does not render their statements involuntary." Similarly, in *United States v. Ferrara*, 377 F. 2d 16, 18 (2nd Cir.), *cert. denied*, 389 U.S. 908, 88 S.Ct. 225, 19 L.Ed. 2d 225 (1967), the court held that the defendant's statement was not involuntary because the federal agent told him that if he cooperated, the agent was sure his bond would be reduced.

Here, the promise by the officers to "see" if they could lower defendant's bond was not related to defendant's escape from the charges against him, *State v. Booker, supra*, but only referred to a purely collateral advantage which was "entirely disconnected from the possible punishment or treatment defendant might receive." *Id*. The lower bond merely meant that defendant would not have to await trial while incarcerated. It did not have any effect on the charges or ultimate punishment. The fact that defendant may have made his statement with the hope that lower bond would be set does not render his statement involuntary. *State v. Cannady, supra*. Accordingly, the trial court properly found and concluded that the statement by Officer Stubbs regarding defendant's bond did not render the confession involuntary.

[2] Defendant also contends that his confession was involuntary because Officer Stubbs told him that if he cooperated, the District Attorney would "be notified" of his cooperation. We do not agree.

In *State v. Branch*, 306 N.C. 101, 291 S.E. 2d 653 (1982), the issue was whether the officers' statement to the defendant that, "the only promise we could make was that we would talk with the District Attorney if he made a statement which admitted his in-

volvement," induced the defendant to involuntarily make a confession in the hopes of lighter punishment. The court held that the statement could not have reasonably led the defendant to believe that he would receive easier treatment. "Any suspect of similar age and ability would expect that the substance of any statement he made would be conveyed to the District Attorney in the course of normal investigative and prosecutorial procedures." 306 N.C. at 109, 291 S.E. 2d at 659. *See also State v. Young*, 33 N.C. App. 689, 236 S.E. 2d 309 (1977) (officer's statement to defendant that he would tell the solicitor if defendant cooperated did not render defendant's subsequent confession involuntary) and *State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971), *cert. denied*, 406 U.S. 974, 92 S.Ct. 2409, 32 L.Ed. 2d 674 (1972) (statement made by SBI Agent that he would "let it be known" did not show that defendant's statements were obtained by hope or fear). Finally, we note that in *State v. Jackson, supra*, the court held that an officer's statement "it would certainly come out in court that he cooperated," did not provide a basis to hold that the defendant's confession was induced by hope.

The case at bar is virtually indistinguishable from *Branch, Young, Muse* and *Jackson*. In each case, the confessions were held to be admissible. Accordingly, we hold that the confession at bar is also admissible. The record clearly shows that the officers did not promise the defendant that he would not receive an active prison sentence, but only that they would make the District Attorney "aware" of his cooperation. As in *Branch* and *Young*, the defendant could not have reasonably thought that Officer Stubbs' statement was a promise for a lighter sentence. We conclude that the defendant's statement was neither induced nor rendered involuntary by the officer's statement, and that the confession was properly received into evidence by the trial judge.

Finally, we find no merit in defendant's contention that the trial judge failed to make any explicit findings of fact as to whether he was under the influence of pain pills or valium at the time of the confession. As was noted in *State v. Chamberlain*, 307 N.C. 130, 143, 297 S.E. 2d 540, 548 (1982), "[i]f there is a conflict between the state's evidence and defendant's evidence on material facts, it is the duty of the trial court to resolve the conflict and such resolution will not be disturbed on appeal." This

resolution may be express or implied, but in any event, once made, is conclusive on appeal. *Id.*

In the instant case, the trial judge, after hearing and weighing the evidence and observing the demeanor of the witnesses, found as a fact that "the officer indicated that he [defendant] appeared alert and appeared to be understanding what was going on and that in the officer's opinion the defendant was not under the influence of any drug or alcohol . . ." Implicit in this "finding" is the trial judge's resolution of the conflict in the evidence in the State's favor. While the better practice would be for the trial judge to state such a resolution expressly, the finding is, nevertheless, supported by the evidence and conclusive on appeal.

In conclusion, we have carefully reviewed the record and find

No error.

Judges ARNOLD and PHILLIPS concur.