STATE OF NORTH CAROLINA v. JAMES MORRIS FLETCHER

No. 8824SC87

(Filed 15 November 1988)

1. **Intoxicating Liquor § 14— unlawful sale of alcohol—receipt of consideration—sufficient evidence**

There was sufficient evidence of a transfer for consideration to support defendant's conviction of unlawful sale of an alcoholic beverage where it tended to show that an undercover officer asked defendant to provide her with an ounce of marijuana and a fifth of Seagram's Seven; defendant left his house and shortly thereafter returned and gave the officer a ziplock bag containing marijuana and a fifth of Seagram's Seven; defendant's son insisted that the merchandise was worth fifty dollars; the officer gave the son a one-hundred dollar bill and the son returned fifty dollars to her; and the son then passed the one-hundred dollar bill to defendant.

2. **Intoxicating Liquor § 14— unlawful sale of alcohol—burden of proving permit to sell**

A defendant charged with the unlawful sale of an alcoholic beverage had the burden of proving that he possessed a permit to sell alcohol, and defendant's motion to dismiss on the ground that no evidence was presented to show that he did not possess a permit was properly denied by the trial court.

3. **Narcotics § 4.2— possession of marijuana with intent to sell—sufficient evidence**

The State's evidence was sufficient for the jury in a prosecution for possession with intent to sell a controlled substance where it tended to show that defendant knew an undercover officer was interested in buying marijuana, led the officer to his house after indicating to her that he had "stuff" to smoke and sell, obtained a substance from his house and brought it to her in a plastic bag after she requested "an ounce," and where the undercover officer and another officer gave opinion testimony that the substance in the plastic bag was marijuana.

4. **Narcotics § 3.3— law officers—expert testimony identifying marijuana**

Two law officers were properly permitted to give expert opinion testimony that the substance in a clear plastic bag provided by defendant was marijuana where the first officer testified that she had been a law officer for five years, was a narcotics investigator, and had received schooling and on-the-job training in the identification of marijuana, and where the second officer testified that he had been a law officer for sixteen and one-half years and that he had had special training in the identification of drugs.

**5. Narcotics § 4— sale of marijuana—sufficient evidence**

 The State's evidence was sufficient for the jury in a prosecution for sale of a controlled substance where it tended to show that defendant knew that a State's witness wanted to buy marijuana, brought marijuana from his house to the place where the witness was waiting, received fifty dollars for the marijuana and a fifth of liquor, and made no verbal or physical efforts to return or reject the money.

APPEAL by defendant from *Lamm (Charles), Judge.* Judgment entered 24 August 1987 in Superior Court, WATAUGA County. Heard in the Court of Appeals 7 September 1988.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Rodney S. Maddox, for the State.*

*Robert T. Speed for defendant-appellant.*

GREENE, Judge.

This is an appeal from a criminal action in which defendant was found guilty of unlawful sale of an alcoholic beverage, possession with intent to sell a controlled substance, and sale of a controlled substance. Defendant assigns as error the Superior Court's denial of his motions to dismiss at the close of the State's evidence on the ground that there was insufficient evidence to submit the case to the jury.

The State's evidence at trial tended to show that on 10 October 1986, the defendant, James Morris Fletcher, was approached by Ann Biggerstaff (hereinafter "Biggerstaff"), a deputy from the Catawba County Sheriff's Department and Roxanne Dempster, an acquaintance of the defendant, while in the parking lot of a combination convenience store and gas station. Biggerstaff was loaned to the Watauga County Sheriff's Department to participate in an undercover drug program in which Dempster served as her informant.

Biggerstaff asked the defendant if he had anything to smoke and defendant responded by saying, "Yes, and plenty to drink also." Biggerstaff then asked defendant if he had anything to sell and defendant responded in the affirmative. The defendant then instructed Biggerstaff and Dempster to meet him at his house. When the women arrived at that location, the defendant was standing alone across the street from his house and showed them

where to park. Defendant then told the women to accompany him to the house adjacent to his house. As the three were walking, they passed the defendant's son, Bill, working on a car in the yard and defendant asked him if he had any pot. His son replied that he did not but that "there might be some in the house that belongs to James." The defendant, his son, and the women continued to the house and when they entered there was a small amount of marijuana lying on the table and his son began rolling a marijuana joint.

Biggerstaff asked the defendant if she could get a bag of pot like that on the table and defendant inquired as to how much she wanted. Biggerstaff responded "an ounce" and he said he would have to walk back down to his house to get it. At that time, Biggerstaff also asked him for "a fifth of Seagram's Seven" and the defendant responded that he "could do that too" and then left. After approximately fifteen minutes, the defendant returned with what Biggerstaff testified was a clear ziplock bag containing marijuana and a "fifth of Seagram's Seven."

Biggerstaff then asked the defendant what he wanted for the "stuff" and the defendant replied that he did not want to sell it but would give it to her. Defendant's son, Bill, however, insisted that the merchandise was worth fifty dollars and Biggerstaff then gave a one-hundred dollar bill to Bill and Bill returned fifty dollars to her. Bill then passed the one-hundred dollar bill to the defendant. The defendant did not try to give Biggerstaff any money back after Bill had handed her the fifty dollars in change.

At the close of the State's testimony, the defendant began discussion regarding the sufficiency of the evidence on all three charges. The court treated this discussion as three motions to dismiss and denied them accordingly. The defendant did not put on any evidence. At the conference on jury instructions, the defendant renewed his request to dismiss the charge relating to the sale of alcohol on the grounds the State offered no evidence on whether the defendant had a permit for the sale of alcohol. The court again denied the motion to dismiss on that particular charge. After receiving instructions, the jury found defendant guilty of (1) knowingly selling an alcoholic beverage without a permit, (2) possession with intent to sell a controlled substance, and (3) sale of a controlled substance.

The three questions presented for review are whether the trial judge: I) erred in denying defendant's motion to dismiss the charge of knowingly selling an alcoholic beverage without a permit; II) erred in denying defendant's motion to dismiss the charge of possession with intent to sell a controlled substance; and III) erred in denying defendant's motion to dismiss the charge of sale of a controlled substance.

We note initially that Rule 12(a) of the Rules of Appellate Procedure provides that "no later than 150 days after giving notice of appeal, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken." The judgment from which this appeal was taken was entered on 25 August 1987 and notice of appeal was given on the same date. Defendant was required to file the record on appeal on or before Friday, 22 January 1988, the 150th day after notice. The record in this case was filed on Wednesday, 27 January 1988, at least five days late. An appeal is subject to dismissal for failure "within the time allowed" to comply with Rule 12(a). App. R. 25. As the State has made no motion to dismiss the appeal for violations of Rule 12(a), we proceed to address the merits of this case. *Id.*

## I

As his first assignment of error, defendant contends that the trial court erred in denying his motion to dismiss the charge of unlawful sale of an alcoholic beverage because insufficient evidence was presented on all elements of the offense. We disagree.

The defendant was charged with violation of N.C.G.S. Sec. 18B-102 which provides in part:

> (a) It shall be unlawful for any person to manufacture, *sell*, transport, import, export, deliver, furnish, purchase, consume, or possess any alcoholic beverages except as authorized by the ABC Law.

N.C.G.S. Sec. 18B-102(a) (1983) (emphasis added).

## A

[1] To be a sale under N.C.G.S. Sec. 18B-102, there must be a "transfer . . . in any manner or by any means, for consideration." N.C.G.S. Sec. 18B-101 (13) (1983). Defendant argues there was no

mention of a sale of alcohol nor was there any mention of a price to be paid or received for the bottle that Biggerstaff took with her when she left defendant. The State offered evidence that defendant left the house with the request from Biggerstaff that he provide her with a specific quantity and brand of whiskey. Defendant complied with that request and was present as his son, Bill, insisted the merchandise was worth fifty dollars. The defendant, according to the testimony, actually received a one-hundred dollar bill for the transfer of the alcohol and marijuana. The testimony does not reflect that Bill was reimbursed by the defendant for the fifty dollars given to Biggerstaff in change nor does it show that the defendant tried to give the money back.

A trial court properly denies the defendant's motion to dismiss made at the close of the state's evidence where the state has produced substantial evidence on each element of the offense. *State v. Walton,* 90 N.C. App. 532, 369 S.E. 2d 101, 102 (1988). When ruling on a motion to dismiss, a trial court must view all the evidence in the light most favorable to the state, giving the state the benefit of every inference that can be drawn. *State v. Griffin,* 319 N.C. 429, 433, 355 S.E. 2d 474, 476 (1987). We believe that the evidence on this element of the charge when viewed in the light most favorable to defendant is substantial.

### B

Defendant next argues insufficient evidence was presented that the bottle transferred to Biggerstaff by defendant actually contained an alcoholic beverage. Biggerstaff testified that the bottle was that of an unopened "fifth of Seagram's Seven" bourbon. Defendant objected to the testimony but failed to object when the bottle was offered into evidence before the jury. Furthermore, without objection, this exhibit was identified by Captain Dana Townsend of the Watauga County Sheriff's Department as a "bottle of Seagram's whiskey." It is a well established rule in North Carolina that "when evidence is admitted over objection, but the same evidence has . . . thereafter been admitted without objection, the benefit of the objection is ordinarily lost." 1 Brandis on North Carolina Evidence Sec. 30, p. 112 (1988); *see also State v. Wilson,* 313 N.C. 516, 532, 330 S.E. 2d 450, 461 (1985). Therefore, because the objection was not properly preserved for appeal, we will not address the sufficiency of evidence presented on this element of the charge, N.C.G.S. Sec. 15A-1446(b)(1983).

## C

[2]   Defendant also argues insufficient evidence was presented to show he did not possess a permit which would have authorized the sale of alcohol. Under N.C.G.S. Sec. 18B-102, however, the State is not required to prove the defendant did not possess a permit. Possession of a permit to sell is an exception to the prohibition against sale of alcohol. *See* N.C.G.S. Sec. 18B-900 to -906 (1983) (qualifications for permit to sell). The "burden is on him who asserts that he comes within the exception to show by way of defense that he is one of that class authorized by law to have intoxicants in his possession" for the purpose of sale. *State v. Gordon*, 224 N.C. 304, 307-08, 30 S.E. 2d 43, 45 (1944) (burden on person charged with unlawful possession or transportation of an intoxicating liquor for purpose of sale to show he is authorized by law to engage in the "bona fide transportation of liquor through, but not to be delivered in, the State"). Here, defendant offered no evidence that he possessed a permit for the sale of alcohol. Therefore, defendant's motion to dismiss the alcohol charge was properly denied.

## II

[3]   As the second assignment of error, defendant contends the trial court erred in denying his motion to dismiss the charge of possession with intent to sell a controlled substance on the ground there was insufficient evidence to submit the case to the jury. We disagree.

The defendant was charged with violation of N.C.G.S. Sec. 90-95(a)(1) (1985) which provides:

(a) Except as authorized by this Article, it is unlawful for any person:

(1) To manufacture, sell or deliver, or *possess with intent to* manufacture, *sell* or deliver, *a controlled substance;*

*Id.* (emphasis added). There are three elements to this offense: (A) possession of a substance; (B) the substance must be a controlled substance; and (C) there must be intent to sell the controlled substance. *State v. Casey*, 59 N.C. App. 99, 116, 296 S.E. 2d 473, 483-84 (1982).

## A

An accused has possession of a controlled substance within the meaning of N.C.G.S. Sec. 90-95(a)(1) when he has both the "power and the intent to control its disposition or use." *State v. Pevia,* 56 N.C. App. 384, 388, 289 S.E. 2d 135, 138, *cert. denied,* 306 N.C. 391, 294 S.E. 2d 218 (1982). Viewing the present evidence in the light most favorable to the State, the defendant had the "power and the intent to control" the disposition of the marijuana. The evidence shows defendant knew Biggerstaff was interested in buying marijuana, led Biggerstaff to his house after indicating to her he had "stuff" to smoke and sell, and obtained the marijuana from his house and brought it to her after she requested "an ounce."

## B

[4] Defendant contends the State failed to present evidence sufficient to show the substance obtained by Biggerstaff was marijuana. We disagree.

At the time of trial, Biggerstaff had been a law enforcement officer for almost five years and was a narcotics investigator with the Catawba County Sheriff's Department. She had schooling and on-the-job training in the identification of marijuana. At trial, she testified that in her opinion the substance in the clear plastic bag provided by the defendant was marijuana. Furthermore, Captain Townsend testified without objection that the substance in the clear plastic bag was in his opinion marijuana. Townsend testified that he had been a law enforcement officer for sixteen and one-half years and that he had special training in the identification of drugs.

Expert testimony is properly admissible when it "can assist the jury to draw certain inferences from facts because the expert is better qualified" than the jury to form an opinion on the particular subject. *State v. Bullard,* 312 N.C. 129, 139, 322 S.E. 2d 370, 376 (1984); *see also State v. Jenkins,* 74 N.C. App. 295, 299, 328 S.E. 2d 460, 463 (1985) (S.B.I. chemist's expert opinion that substance seized was marijuana was properly admitted where she had special training in analysis of controlled substances and whose job duties included analysis of controlled substances). "The test for admissibility is whether the jury can receive 'appreciable

help' from the expert witness." *State v. Knox,* 78 N.C. App. 493, 495, 337 S.E. 2d 154, 156 (1985) (citation omitted). Here we believe the two officers, because of their study and experience, were better qualified than the jury to form an opinion as to the contents of the clear plastic bag. *See* N.C. R. Evid. 702 (witness qualified as expert by experience, training, or education may testify in form of opinion). The jury received "appreciable help" from the expert testimony and was free to consider the opinions in deciding whether they were convinced the substance was marijuana.

Admittedly, it would have been better for the State to have introduced evidence of chemical analysis of the substance, especially in light of the fact that testimony indicated the State Bureau of Investigation had conducted an analysis. *See State v. Bundridge,* 294 N.C. 45, 58, 239 S.E. 2d 811, 820 (1978) (absence of chemical analysis of bloodstains on clothing goes to weight of evidence rather than its admissibility). However, the absence of such direct evidence does not, as the appellant suggests, prove fatal. Though direct evidence may be entitled to much greater weight with the jury, the absence of such evidence does not render the opinion testimony insufficient to show the substance was marijuana. *See State v. Henry,* 51 W.Va. 283, 294, 41 S.E. 439, 444 (1902) (testimony of chemist who has analyzed blood and that of observer who merely recognizes it are both admissible although one may be entitled to much greater weight than the other).

Defendant also argues that no basis in fact existed for Biggerstaff's opinion that the substance was marijuana and at no time did she reveal what means she used to form her opinion. However, defendant failed to request the basis for her opinion on cross-examination. North Carolina Rules of Evidence 705 provides that an:

> [E]xpert may testify in terms of opinion or inference and give his reasons therefor [sic] without prior disclosure of the underlying facts or data, unless an adverse party requests otherwise . . . . The expert may in any event be required to disclose the underlying facts or data on cross-examination. . . .

*Id.* The basis of an expert's opinion need not be stated unless requested by an adverse party and here defendant made no such re-

quest. *Cherry v. Harrell*, 84 N.C. App. 598, 605, 353 S.E. 2d 433, 438, *disc. rev. denied*, 320 N.C. 167, 358 S.E. 2d 49 (1987).

## C

Sufficient evidence was also presented on the third element of this offense. The state may rely upon ordinary circumstantial evidence to prove a defendant has the intent to sell a controlled substance. *State v. Casey*, 59 N.C. App. 99, 118, 296 S.E. 2d 473, 484 (1982). As stated above, the evidence shows that defendant knew Biggerstaff was interested in buying marijuana, led her to his house after indicating to her he had "stuff" to smoke and sell, and obtained marijuana from his house and brought it to her after she requested "an ounce." Viewing this evidence in the light most favorable to the State, the defendant had the "intent to sell" the marijuana.

## III

[5]   Defendant's third assignment of error is the court's denial of his motion to dismiss the charge of sale of a controlled substance on the ground there was insufficient evidence to submit the case to the jury. We disagree. The sale of a controlled substance is a violation of N.C.G.S. Sec. 90-95(a)(1) (quoted above) as is the crime discussed in Section II. Sale and possession with intent to sell a controlled substance are separate offenses and defendant may be charged with both as a result of the same transaction without violating his right of double jeopardy. *State v. Stoner*, 59 N.C. App. 656, 659-61, 298 S.E. 2d 66, 68-69 (1982).

A sale in the context of this statute is a "*transfer* of property for a specified price payable in money." *State v. Creason*, 313 N.C. 122, 129, 326 S.E. 2d 24, 28 (1985) (emphasis in original) (*quoting State v. Albarthy*, 238 N.C. 130, 132, 76 S.E. 2d 381, 383 (1953) ). The evidence shows defendant brought marijuana from his house to the place where Biggerstaff was waiting, knew she wanted to buy the marijuana, received fifty dollars in cash proceeds for the marijuana, and at no time made any verbal or physical efforts to return or reject the money. This evidence and the evidence that the substance transferred was a controlled substance as discussed above, taken in the light most favorable to the State, is sufficient to justify submitting the case to the jury on this charge.

## IV

Defendant asserts as a fourth assignment of error the jury instruction by the court on acting in concert on the ground there was insufficient evidence to justify such an instruction. Whereas no reason or argument is stated or authority cited in appellant's brief for such assignment of error, it will be taken as abandoned. App. R. 28(b)(5).

No error.

Judges ORR and SMITH concur.