STATE v. ANNADALE

[95 N.C. App. 734 (1989)]

STATE OF NORTH CAROLINA v. JOSEPH DAVID ANNADALE

No. 8814SC1362

(Filed 3 October 1989)

**Criminal Law § 75.2— defendant's hope of leniency for girlfriend—
no promises or inducements made to defendant—confession
voluntary**

The trial court properly determined that no promises,
offers of reward, or inducements to make a statement were
made to defendant by law enforcement officers, and the fact
that defendant may have made inculpatory statements with
the hope of leniency for his girlfriend did not render his state-
ment involuntary.

APPEAL by defendant from *Brannon, Anthony M., Judge.* Judg-
ment entered 5 July 1988 in Superior Court, DURHAM County.
Heard in the Court of Appeals 25 August 1989.

Defendant appeals from his conviction of seven counts of rob-
bery with a dangerous weapon, pursuant to G.S. sec. 14-87(a). For
these convictions, he received an active prison sentence of sixty years.

*Attorney General Lacy H. Thornburg, by Assistant Attorney
General L. Darlene Graham, for the State.*

*Gary K. Berman for defendant-appellant.*

JOHNSON, Judge.

The pertinent facts of this case are as follows: A series of
armed robberies occurred in Durham and Orange Counties between
2 April 1987 and 13 February 1988. An investigation was conducted
by Detective Eric Hester of the Durham Police Department. As
a result of the investigation, Joseph David Annadale was arrested
in Orange County on 18 February 1989 and subsequently charged
with seven counts of robbery with a dangerous weapon. Six of
the seven counts allegedly occurred in Durham County and one
count allegedly occurred in Orange County.

Upon defendant's arrest, he was advised of his constitutional
rights, as prescribed by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.
1602, 16 L.Ed.2d 694 (1966), and declined to make a statement.
However, less than three hours later, defendant told Detective

STATE v. ANNADALE

[95 N.C. App. 734 (1989)]

Hester that he would make a statement concerning the armed robberies, provided he was permitted to spend five minutes with his girlfriend, Shelby Riddle. Ms. Riddle was also in police custody in connection with the robberies. Detective Hester agreed. Shortly thereafter, defendant and Ms. Riddle met.

After speaking to Ms. Riddle, defendant was transported to the Detectives Bureau in Durham County and was once again advised of his rights. Defendant indicated that he understood his rights and signed a waiver form. Prior to making a statement, Detective Hester informed defendant that the police had evidence "that was leading her [Ms. Riddle] into the armed robberies themselves." Detective Hester later testified that he told defendant that "if he was willing to discuss it, I didn't have the authority to make any deals or bargains, but I would be willing to discuss it [Ms. Riddle's case] with the District Attorney who did have the power to make the bargain." Thereafter, defendant made inculpatory statements to Detective Hester, which were tape recorded and later transcribed. The statements contained detailed accounts as to defendant's involvement in the armed robbery of the seven pizza and sandwich restaurants as so charged.

On 4 May 1988, defendant filed a motion to suppress the inculpatory statements of 19 February 1988. The motion was denied by the Honorable Wiley F. Bowen, on 6 May 1988. The order denying the motion was signed on 31 May 1988.

On appeal, defendant brings forth two questions for the Court's review. In his first assignment of error, defendant contends that the trial court erred by: (1) concluding that no promises, offers of reward, or inducement to make a statement were made to the defendant by law enforcement officers, and (2) denying the defendant's motion to suppress the inculpatory statements. The defendant also assigns as error the trial court's imposition of judgment against him.

With respect to assignment of error one, it is a well-settled and frequently stated principle that "a confession cannot be received in evidence where the defendant has been influenced by any threat or promise; . . . a confession obtained by the slightest emotions of hope or fear ought to be rejected." *State v. Booker*, 306 N.C. 302, 307, 293 S.E.2d 78, 81 (1982). *Accord, State v. Roberts*, 12 N.C. (1 Dev.) 259, 260 (1826); *State v. Church*, 68 N.C. App. 430, 433, 315 S.E.2d 331, 333 (1984). "When a defendant properly

objects to the admission of the confession or moves to suppress same, the trial judge should conduct a preliminary inquiry to determine whether the confession is voluntary." *Id.* at 308, 293 S.E.2d at 81. The determination of whether a confession was voluntary and thus admissible, is made by viewing the totality of the circumstances. *State v. Jackson*, 308 N.C. 549, 581, 304 S.E.2d 134, 152 (1983). "In making this determination, the trial judge must find facts; and when the facts are supported by competent evidence, they are conclusive on the appellate court. However, the conclusions of law drawn from the findings of fact are reviewable by the appellate courts." *Booker, supra* at 308, 293 S.E.2d at 81.

In the case *sub judice*, the trial court concluded as a matter of law that the defendant's confession was freely, voluntarily and understandingly given. The defendant contends, however, that such conclusion was erroneous. He contends that this confession was involuntary; that he was induced to make the statements by law enforcement officers; and that he would not have made the statements absent either an expectation of benefit or in the minimum, a hope of benefit in exchange for his confession. The expectation of benefit or hope of benefit was that of leniency for Ms. Riddle.

The law in this state is quite clear with respect to improper inducements. The Supreme Court has recognized that "the inducement to confess whether it be a promise, a threat or mere advice must relate to the prisoner's escape from the criminal charge against him." *State v. Hardee*, 83 N.C. 619, 623 (1880). The Court further recognized that:

> [A] promise of some merely collateral benefit or boon, as for instance a promise to give the prisoner some spirits or to strike off his handcuffs or to let him see his wife, will not be deemed such an inducement as will authorize the rejection of a confession made in consequence. *Id.* (*quoting* 1 Taylor Ev., sec. 803).

In the case before us, the statement of the interrogating officer was not related to defendant's escape from the charges against him, but referred to a collateral advantage. The promise by the officer to "discuss it [a deal] with the District Attorney" was not related to the defendant's escape from the charges against him. It merely referred to a collateral advantage which was unrelated to the possible punishment defendant might receive. Detective Hester merely informed the defendant that he would talk with the Dis-

STATE v. ANNADALE

[95 N.C. App. 734 (1989)]

trict Attorney if the defendant made a statement admitting his involvement. We find that this statement by Detective Hester could not have aroused in the defendant, a 26-year-old man with a high school equivalent education, any reasonable hope of reward if he confessed. Instead, we think that "any suspect of similar age and ability would expect that the substance of any statement he made would be conveyed to the District Attorney in the course of normal investigative and prosecutorial procedures." *Church* at 435, 315 S.E.2d at 334.

The fact that the defendant may have made the inculpatory statements with the hope of leniency for his girlfriend does not render his statement involuntary. *State v. Cannady*, 22 N.C. App. 53, 54, 205 S.E.2d 358, 359, *cert. denied*, 285 N.C. 664, 207 S.E.2d 763 (1974). It has been generally recognized that

> Confessions or admissions have not been held inadmissible in evidence merely because the accused in making the confession or admission was motivated by a desire to protect a relative threatened with arrest or in custody when such motivation originated with the accused and was not suggested by law enforcement officials. *State v. Branch*, 306 N.C. 101, 108, 291 S.E.2d 653, 658 (1982).

The record in the present case reveals that the defendant initiated the terms of the confession. The record further reveals that at no point did Detective Hester indicate that defendant's girlfriend would be arrested or further investigated if defendant failed to confess or that she would not be arrested or further investigated if defendant did confess. Based upon these facts in the record, we conclude that any motivation or desire that the defendant may have had to protect his girlfriend from arrest was not suggested by law enforcement officials but, instead, originated with the defendant. The resulting statements are not within the underlying principles articulated in *Booker, supra*. Accordingly, the trial court appropriately found and concluded that no promises, offers of reward or inducements to make a statement were made to the defendant by law enforcement officers. The order denying the defendant's motion to suppress the inculpatory statements was properly rendered.

Finally, defendant contends that the trial court committed prejudicial error in denying the motion to suppress. Having found no

merit to defendant's first contention, we find no need to address this issue. We therefore find

No error.

Judges EAGLES and GREENE concur.