TYSON, Judge.
Clayton Sorrell Pegram ("defendant") appeals from a judgment entered after a jury found him to be guilty of possession of cocaine and resisting a public officer. We find no error.
I. Background
Rockingham Police Officer Kenny Smith ("Officer Smith") witnessed defendant drive through a stop sign without stopping on the evening of 6 November 2002. Officer Smith turned on his lights and followed defendant's vehicle into a driveway. After approaching the vehicle and checking defendant's license and registration, Officer Smith asked, "Do you have anything in the vehicle that you shouldn't have?" Defendant replied that he did not. Officer Smith asked if he could check the vehicle. Defendantconsented to the search. After defendant exited the car, he quickly reached back into the vehicle and retrieved a small, white, rock-like object from the driver's seat. Defendant immediately put the object into his mouth. A struggle ensued as Officer Smith tried to get defendant to spit out the object. Defendant swallowed the object and was arrested.
No drugs or drug paraphernalia were found in defendant's car or on his person. At trial, Officer Smith testified that, in his opinion, the object defendant swallowed was crack cocaine. After receiving Miranda rights and signing a written waiver, defendant admitted the object he swallowed was crack cocaine.
Defendant testified that he reached back into the car, not to retrieve crack cocaine, but to put his wallet on the seat, and that the object in his mouth was chewing gum. Defendant also testified that his confession given to Officer Smith was not true, and that he signed it in exchange for a lower bond and release.
The jury convicted defendant of possession of cocaine and resisting a public officer. The trial court arrested judgment on resisting a public officer and sentenced defendant in the aggravated range for possession of cocaine. Defendant appeals.
II. Issues
The issues presented are whether the trial court erred in: (1) denying defendant's motion to dismiss because the State presented insufficient evidence; (2) denying defendant's motion to suppress the statement defendant gave to Officer Smith at the time of his arrest; and (3) allowing Officer Smith to offer his opinionthat the substance he saw defendant swallow was crack cocaine.
III. Motion to Dismiss
Defendant contends the State presented no evidence, beyond defendant's purported statement to Officer Smith, that the substance he swallowed was crack cocaine. We disagree.
In reviewing a motion to dismiss for insufficiency of the evidence, this Court must determine "whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Substantial evidence is that which a reasonable juror would consider sufficient to support the conclusion that each essential element of the crime exists." State v. Baldwin, 141 N.C. App. 596, 604, 540 S.E.2d 815, 821 (2000).
Defendant relies on the rule set forth in State v. Parker, which mandates that an accused's extrajudicial confession must be "supported by substantial independent evidence tending to establish its trustworthiness." 315 N.C. 222, 228, 337 S.E.2d 487, 495 (1985). An extrajudicial confession, standing alone, does not provide sufficient evidence to sustain a conviction. Id. at 229, 337 S.E.2d at 491. "[W]hen independent proof is lacking . . ., there must be strong corroboration of essential facts and circumstances embraced in the defendant's confession." Id. at 236, 337 S.E.2d at 495. Here, after a lawful stop and a consent to search, Officer Smith saw defendant quickly retrieve a white, rock-like object from the driver's seat and place it in his mouth. InOfficer Smith's opinion, the object was crack cocaine. Two other officers testified to statements Officer Smith made to them after the incident to corroborate Officer Smith's testimony. A videotape of the arrest was admitted as illustrative evidence and showed defendant reaching back into the car. Taken together, this testimony and other evidence constitutes "substantial independent evidence" tending to establish the trustworthiness of defendant's extrajudicial confession that is sufficient to withstand defendant's motion to dismiss. Id. This assignment of error is overruled.
IV. Defendant's Statement to Officer Smith
Defendant argues that his statement to Officer Smith was involuntary because Officer Smith offered to inform the magistrate of defendant's cooperation if defendant provided a statement. Defendant asserts he was coerced to confess in exchange for a lower bond and release. Defendant also asserts he "feared" the outcome and being jailed if he did not cooperate. We disagree.
"To be considered improper and indicative of an involuntary confession, an inducement to confess must convey `hope' or `fear.'" State v. Wallace, 351 N.C. 481, 520, 528 S.E.2d 326, 350 (2000) (quoting State v. Wilson, 322 N.C. 91, 94, 366 S.E.2d 701, 703 (1988)). At the suppression hearing, Officer Smith testified that he told defendant that the magistrate would ask him whether defendant had been cooperative, and, if so, it would "help out." In North Carolina, "[a]n improper inducement generating hope must promise relief from the criminal charge to which the confessionrelates, not to any collateral advantage." State v. Pruitt, 286 N.C. 442, 458, 212 S.E.2d 92, 102 (1975). An "inducement to confess whether it be a promise, a threat or mere advice must relate to the prisoner's escape from the criminal charge against him." State v. Booker, 306 N.C. 302, 308, 293 S.E.2d 78, 82 (1982).
In State v. Cannady, 22 N.C. App. 53, 54, 205 S.E. 2d 358, cert. denied, 285 N.C. 664, 207 S.E.2d 763 (1975), this Court held that the fact that "defendants might have made their statements with the hope that lower bond would be set . . . does not render their statements involuntary." Similarly, in United States v. Ferrara, 377 F.2d 16, 18 (2nd Cir.), cert. denied, 389 U.S. 908, 88 S. Ct. 225, 19 L. Ed. 2d 225 (1967), the court held that the defendant's statement was not involuntary because the federal agent told him that if he cooperated, the agent was sure his bond would be reduced.
State v. Church, 68 N.C. App. 430, 434, 315 S.E.2d 331, 333 (1984).
Defendant's statement, even if induced by "hope" of a lower bond or "fear" of jail, is admissible. Wallace, 351 N.C. at 520, 528 S.E.2d at 350 (quoting Pruitt, 286 N.C. at 458, 212 S.E.2d at 102). Officer Smith made no promise of "relief from the criminal charge to which the confession relates." Pruitt, 286 N.C. at 458, 212 S.E.2d at 102. Officer Smith's offer to tell the magistrate that defendant was cooperative is "merely a collateral advantage." Id. Defendant's statement was "neither induced [n]or rendered involuntary by [Officer Smith's] statement" and was properly admitted at trial. Church, 68 N.C. App. at 435, 331 S.E.2d at 334. This assignment of error is overruled.
V. Officer Smith's Opinion Testimony
In his last assignment of error, defendant contends that the trial court erred in allowing Officer Smith to testify to his opinion that the substance defendant swallowed was crack cocaine. In State v. Fletcher, two law enforcement officers testified that the substance provided by defendant was marijuana. 92 N.C. App. 50, 373 S.E.2d 681 (1988). No additional evidence of the identity of the substance was introduced. The Court stated that "the test for admissibility is whether the jury can receive `appreciable help' from the expert witness." Id. at 56-57, 373 S.E.2d at 685-86 (quoting State v. Knox, 78 N.C. App. 493, 495, 337 S.E.2d 154, 156 (1985)). We held that "the two officers, because of their study and experience, were better qualified than the jury to form an opinion" whether the substance was marijuana. Fletcher, 92 N.C. App. at 57, 337 S.E.2d at 685.
Here, as in Fletcher, Officer Smith had substantial experience in drug identification. He testified that during ten years service as a police officer, he had made between 400 and 500 drug arrests, and that seventy-five to eighty percent of those arrests involved possession of crack cocaine. He further testified that he had received specialized training in dealing with controlled substances that included a concentration in identifying drugs. Officer Smith's knowledge, experience, and training in the area of controlled substance identification, rendered him "better qualified than the jury to form an opinion" of whether the substance was crack cocaine. Id. Officer Smith's testimony was of "appreciable help" to the jury. Id. at 56-57, 337 S.E.2d at 685. Thisassignment of error is overruled.
VI. Conclusion
The trial court did not err in denying defendant's motion to dismiss for insufficiency of the evidence. Other evidence independent of the confession tended to establish the trustworthiness of defendant's confession. The trial court did not err in admitting into evidence defendant's extrajudicial confession to Officer Smith. Officer Smith's statement to purportedly induce defendant's confession did not promise relief from criminal charges. Given Officer Smith's knowledge, experience, and training in drug identification, the trial court did not err in allowing him to offer his opinion that the object defendant swallowed was crack cocaine. We find no error in the trial court's rulings or judgment.
No error.
Judges HUDSON and BRYANT concur.
Report per Rule 30(e).